UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **EMILY SMITH ET AL** | **CASE NO. 2:24-CV-01627** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SAFE BEGINNINGS INC ET AL** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM RULING

Before the court are Motions for Summary Judgment [docs. 30, 31] filed, respectively, by defendants Safe Beginnings Inc. ("Safe Beginnings") and Corvias Management-Army LLC and Johnson Funding LLC (collectively, "Corvias"). Plaintiffs oppose the motion. Doc. 33.

### I.
### BACKGROUND

This suit arises from an accident that occurred in base housing owned by Corvias at Fort Polk, Louisiana. Plaintiffs allege as follows: Plaintiffs leased their housing unit from Corvias. Doc. 1, att. 1, ¶ 6. Four-year-old C.S. slept in a second-floor bedroom on the premises. *Id.* at ¶ 9. Plaintiffs purchased and installed Safety Innovations Window and Door Babyproof Safety Locks, manufactured by Safe Beginnings, on their son's bedroom window. *Id.* at ¶ 11. The locks failed to properly secure the window, and C.S. fell on June 5, 2023, sustaining injuries. *Id.* at ¶¶ 9–11. His mother, Emily Smith, filed suit on behalf of herself and C.S. while Alexander Campbell, C.S.'s stepfather and Emily Smith's husband,

brings claims on behalf of himself. Defendants removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

Defendants now move to dismiss claims asserted by Mr. Campbell under Louisiana Civil Code articles 2315(B) and 2315.6, maintaining that he has no cause of action because he is not C.S.'s biological or adoptive parent. Docs. 30, 31. Plaintiffs oppose the motion, asserting that Mr. Campbell was present in the immediate aftermath of the fall, is a member of the household, and has claims based on the emotional, relational, and economic harm that he suffered as a result of the accident. Doc. 33.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is

not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana Civil Code article 2315(B) provides that, for a tort claim, "[d]amages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories who would have had a cause of action for wrongful death of an injured person." The proper plaintiff in a wrongful death action, if the deceased had no surviving spouse or children, is "[t]he surviving father and mother of the deceased, or either of them[.]" La. Civ. Code art. 2315.2(A)(2). The statute specifies that "father" and "mother" include those by adoption, but makes no mention of stepparents. *Id.* at 2315.2(D)(1). Louisiana Civil Code article 2315.6 also limits the persons who may recover for the distress they suffer upon viewing an event causing injury to

another or coming on the scene thereafter. This list includes "[t]he father and mother of the injured person, or either of them," but makes no mention of stepparents. La. Civ. Code art. 2315.6(A). Unlike Article 2315.2, Article 2315.6 makes no special mention of adoptive parents.

Under Louisiana Civil Code article 9, a law must be applied as written if it is "clear and unambiguous and its application does not lead to absurd consequences." Multiple Louisiana courts have determined that the term "mother" or "father" as used in the bystander statute does not extend to a stepparent. *See Daigrepont v. La. State Racing Comm'n*, 663 So.2d 840, 841 (La. Ct. App. 4th Cir. 1995); *Irvin v. Foti*, 1999 WL 504916, at *3 (E.D. La. 1999); *Kador v. Gautreaux*, 2025 WL 967158, at *20 (M.D. La. Mar. 31, 2025). The undersigned agrees and extends the same logic to Article 2315.2. The court also finds no ambiguity, although only Article 2315.2 mentions adoptive parents. The Louisiana legislature sought to limit the individuals who may recover in these cases to specific categories, rather than leave it to courts to test the closeness of the relationships. Plaintiffs point to no authority overruling or otherwise calling into question *Daigrepont* in the last 30 years. Further, the court understands the clear language of the statute from the phrasing of "father or mother of [the child], or **either** of them." La. Civ. Code arts. 2315.2(A)(2) & 2315.6(A) (emphasis added) Through adoption or biological parentage, a child has only one father and one mother under the law. If the scope is extended to stepparents, however, a child may well have two mothers and two fathers. Accordingly, the question appears settled and the claims brought by Mr. Campbell under these statutes must be dismissed.

Mr. Campbell maintains that he has standing to assert a direct claim for any economic losses he has suffered as a result of his stepson's injuries, arguing that Louisiana Civil Code article 2315(A) "supplies an independent, broad delictual basis for recovery of those expenses[.]" Doc. 33, p. 7. He cites *Rideau v. Keller*, 819 F.3d 155 (5th Cir. 2016), in which the Fifth Circuit held that a child's parents had standing to directly seek past medical expenses and future home care expenses on behalf of their injured minor son. To that end the court relied on "[t]he common law in many states . . . [that] grants **parents** the negligence cause of action for recovering a minor's medical expenses." *Id.* at 161. Ms. Brown, biological mother of the injured child, is still a party to this suit and maintaining claims on her son's behalf for his medical expenses. As mentioned above, Article 2315(B) limits recovery of damages in a tort action to specific categories of individuals and the court has found that a stepfather does not fall within these categories. Accordingly, Mr. Campbell may not maintain an individual claim for any losses relating to his stepson's injuries.

# IV.
## Conclusion

For the reasons stated above, the Motions for Summary Judgment [docs. 30, 31] will be **GRANTED** and the claims brought by plaintiff Alexander Campbell will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of November, 2025.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE