UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

EMILY SMITH ET AL

VERSUS

SAFE BEGINNINGS INC ET AL

CIVIL ACTION NO. 24-cv-1627

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Emily Smith filed this civil action individually and on behalf of her minor son, Corey Smith.  Alexander Campbell—Emily's husband and Corey's stepfather—was also a plaintiff.  They alleged that Corey was seriously injured when he fell from the second floor of a premises they leased on a Louisiana military base and that was equipped with window safety locks that they purchased and installed.  The plaintiffs filed suit in state court against two defendants associated with the premises and two defendants associated with the window safety locks.

The premises defendants removed the case based on an assertion of diversity jurisdiction.  It was recently reassigned to new judges.  Any case, new or old, that is assigned to the undersigned is reviewed to ensure that the court has subject matter jurisdiction.  Most of the parties will need to file an Amended Diversity Jurisdiction Disclosure Statement to provide the court with the necessary facts to make that determination.  Because federal courts have limited jurisdiction, parties must make "clear,

distinct, and precise affirmative jurisdictional allegations" in their pleadings.  Getty Oil

Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988).

**Plaintiffs**

### A. Alexander Campbell

Plaintiffs describe themselves in their state court petition as being domiciled in

Georgia, and the notice of removal alleged that they were each a citizen of Georgia.

Plaintiffs then filed a statement (Doc. 8) in which they represented that Alexander

Campbell was domiciled in Alabama at the time (unstated) when he joined the military, so

he remained a citizen of Alabama for diversity purposes.

It is correct that temporary military assignments, when not accompanied by an intent

to abandon a prior domicile, do not change a person's citizenship for diversity purposes.

Beers v. N. Am. Van Lines, Inc., 836 F.2d 910, 913 (5th Cir. 1988), overruled on other

grounds as stated in Hoskins v. Bekins Van Lines, 343 F.3d 769, 774 (5th Cir. 2003)

(concluding plaintiffs continued to be citizens of Mississippi for purposes of diversity

jurisdiction despite military assignment and current residence in Maryland); Todd v. Lyft,

Inc., 2019 WL 6464008, *2 (W.D. Tex. 2019), report and recommendation adopted, 2019

WL 13193918 (W.D. Tex. 2019).  That said, a serviceman may be regarded as a domiciliary

of the place of his new residence if the circumstances surrounding his acquisition of that

residence unmistakably indicate an intention on his part to abandon his former domicile

and adopt a new one.  Stifel v. Hopkins, 477 F.2d 1116, 1122 (6th Cir. 1973).

Judge Cain granted summary judgment and dismissed all of Alexander Campbell's

claims.  Docs. 36 & 37.  His citizenship is nonetheless relevant to ensuring diversity

jurisdiction.  "[I]n cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court."  Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).  To remove any ambiguity, Plaintiffs are directed to file an Amended Diversity Jurisdiction Disclosure Statement that expressly alleges the state in which Alexander Campbell was domiciled, and thus a citizen, on May 31, 2024 when suit was filed and November 29, 2024 when the case was removed.  The ordinary rules for assessing a person's domicile/citizenship are set forth in Coury.

Plaintiffs should keep in mind that residency and domicile are not synonymous, and it is the more permanent domicile that determines citizenship for jurisdictional purposes.  Allegations of residency alone do not satisfy the citizenship requirement. Stewart v. Gruber, 2023 WL 8643633, *2 (5th Cir. 2023).

**B.  Emily Smith**

Plaintiffs' declaration stated that Emily Smith may choose the citizenship of her servicemember spouse pursuant to 50 U.S.C. § 4001.  That statute provides for the place of residence or domicile "for purposes of taxation," but it does not appear to speak to citizenship for purposes of diversity jurisdiction.  If Emily Smith has legal authority to the contrary, she may cite it in an Amended Diversity Jurisdiction Disclosure Statement and specify the spouse-state she chose at the relevant times.  Otherwise, she needs to directly allege the state in which she was domiciled, and thus a citizen, at the time the state court petition was filed and at the time the case was removed.  The ordinary rules for assessing a person's domicile/citizenship are set forth in Coury.

### C. Minor Son

Emily Smith filed this action both individually and as natural tutrix of her minor son. When assessing diversity jurisdiction, "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2). Accordingly, with respect to Emily's capacity as representative of her child, the record must include an express allegation of the state in which the child was domiciled at the time suit was filed and when it was removed.

**Safe Beginnings, Inc.**

The notice of removal filed by the premises defendants alleged that Safe Beginnings, Inc. (a window product defendant) is incorporated in Massachusetts and has its principal place of business in Florida. Safe Beginnings, Inc. represented the same jurisdictional facts. Doc. 9. But Safe Beginnings later filed a separate statement (Doc. 27) and, without explanation, alleged that it is incorporated under Massachusetts law and has its principal place of business in Massachusetts (not Florida).

To resolve this ambiguity, Safe Beginnings is ordered to file an Amended Diversity Jurisdiction Disclosure Statement that alleges with specificity its state of incorporation and the state in which it had its principal place of business at the time this suit was filed and when it was removed to federal court.

**Besafe Technologies, Inc.**

Besafe Technologies, Inc. has never appeared in the case. Plaintiff did not make service on this defendant, so the court dismissed the claims against Besafe pursuant to local rule. Docs. 16 & 19. The notice of removal alleged that Besafe was incorporated in

Massachusetts with its principal place of business in North Carolina. These allegations appear to be unchallenged and adequate.

**Johnson Funding, LLC; Corvias Management-Army LLC**

The final two parties are the premises defendants, Johnson Funding, LLC and Corvias Management-Army, LLC, who removed the case. The citizenship of an LLC is based on that of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). So, to establish diversity jurisdiction, a party "must specifically allege the citizenship of every member of every LLC." MidCap Media Fin., L.L.C. v. Pathway Data, Inc., 929 F.3d 310, 314 (5th Cir. 2019), quoting Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017).

The notice of removal stated that the sole member of each of these LLCs "is a citizen of Delaware." That member was not identified, and it was not even stated whether the member was an individual or an entity. The notice stated that these two defendants would file a disclosure statement "with redactions as to the identity of its sole member's identity to protect its privacy interest."

There is generally no legal basis to seal filings concerning diversity, and parties are not allowed to withhold the names of their members simply because they prefer that the information remain private. IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist., 82 F.4th 402, 410-12 (5th Cir. 2023); Carr v. IF&P Holding Co., LLC, 2024 WL 1675185, n. 27 (E.D. La. 2024). In any event, the underlying text of the redacted disclosure statement (Doc. 2) is accessible by copying and pasting from the redacted document. The text that is covered by the black boxes is thus revealed. It shows that each of these

defendants has a sole member which is an LLC, which has a sole member that is another LLC, etc., through several layers until the final LLC's sole member is said to be the John G. Picerne Business Trust. The disclosure statement then states, without explanation, that the business trust's "citizenship is Delaware."

Plaintiffs later filed a disclosure statement (Doc. 8) that included not only their own allegations of citizenship but also allegations with respect to the defendants. With respect to Johnson Funding and Corvias Management-Army, it set forth the same allegations about the string of LLCs, ending with one LLC whose sole member is the John G. Picerne Business Trust. Plaintiffs added that the proper calculus for determining diversity jurisdiction with respect to a business trust is the citizenship of "each of the members of the trust, so, accordingly, the sole trustee of that trust is John G. Picerne, an individual, is domiciled in the state of Rhode Island, and therefore is a citizen of Rhode Island for diversity purposes."

More information about the John G. Picerne Business Trust is required to determine the citizenship of Johnson Funding and Corvias Management-Army. When a traditional trust is a member of an LLC, or when a trustee files a suit in his own name, the citizenship of the trustee controls. Coleman v. Intensive Specialty Hosp., LLC, 2021 WL 5804574 (W.D. La. 2021). But there are other forms of trusts for which the rule is different.

Many states have laws that allow for the formation of unincorporated entities known as a business trust, real estate investment trust, or statutory trust. These entities are distinct from a traditional trust. They are an alternative to the corporate form, and they are established to run a business enterprise. The citizenship of such a business trust is based

on that of its members/beneficiaries.  See, e.g., Americold Realty Tr. v. Conagra Foods, Inc., S. Ct. 1012 (2016) (Maryland real estate investment trust possessed the citizenship of its members/shareholders); GCPC LLC v. Occidental Chem. Corp., 2025 WL 2810959, *4 (W.D. La. 2025) (discussing how to determine the citizenship of different forms of trusts); Claret v. Port Richey Auto. Mgmt., LLC, 2018 WL 2980068 (E.D. La. 2018) (citizenship of business trust "is determined in the same way as any other unincorporated association, that is, by the citizenship of its members.").

Johnson Funding and Corvias Management-Army are directed to file an Amended Diversity Jurisdiction Disclosure Statement that is not redacted and sets forth their citizenship with specificity at the time suit was filed and when it was removed.  If those allegations are the same as already set forth in the record, they will need to set forth with specificity the members/beneficiaries of the John G. Picerne Business Trust and allege the citizenship of those members (at the two relevant times) with specificity.  They should also cite the state statutes under which the business trust is organized.

The deadline for all parties to file Amended Diversity Jurisdiction Disclosure Statements is **May 13, 2026**.  After all filings are received, the court will review them to determine whether the removing defendants have satisfied their burden with respect to establishing diversity jurisdiction.  If diversity of citizenship is not established, the case will be subject to remand.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of April, 2026.

Mark L. Hornsby
U.S. Magistrate Judge